117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DEFENDERS OF WILDLIFE; Greater Gila Biodiversity Project;
Southwest Center for Biological Diversity; Public
Employees for Environmental
Responsibility, Plaintiffs-Appellants,
v.
WELLTON MOHAWK IRRIGATION AND DRAINAGE DISTRICT, an Arizona
municipal corporation; Intervenors-Appellees,
and
UNITED STATES DEPARTMENT OF THE ARMY, CORPS. OF ENGINEERS;
Michaell Robinson, Colonel, Los Angeles District Engineer,
U.S. Army Corps of Engineers; Wellton-Mohawk Irrigation and
Drainage District, a political subdivision of the State of
Arizona, Defendants-Appellees.
 No. 96-16434.
 United States Court of Appeals, Ninth Circuit.
 July 7, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-95-01066-SMM; Stephen M. McNamee, District Judge, Presiding.
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case concerns one issue: whether appellants have standing to challenge the United States Corps of Engineers' decision to complete the Wellton-Mohawk Flood Channel Restoration Project without first preparing an environmental impact statement ("EIS") pursuant to the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, et seq. Because we hold that the injury appellants allege is not redressable by the remedy they seek, we dismiss appellants' claims. Appellants do not have standing, and we affirm the district court.
 
 
 3
 The determination of whether a party has standing "encompasses both constitutional and statutory considerations." Salmon River Concerned Citizens v. Robertson, 32 F.3d 1346, 1353 (9th Cir.1994) ("Salmon River "). Article III, § 2 of the Constitution limits the federal judicial power to nine types of "cases" and "controversies." Appellants must, therefore, allege a "case" or a "controversy" in order to have standing to bring suit in federal court. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982) ("Valley Forge ").
 
 
 4
 To satisfy the Constitution's requirements for standing, appellants must show: "(1) actual or threatened injury (2) suffered as a result of the allegedly illegal conduct of the defendant, which (3) fairly can be traced to the challenged action and (4) is likely to be redressed by a favorable decision." Salmon River, 32 F.3d at 1353 (citing Valley Forge, 454 U.S. at 472). See also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The party seeking to invoke federal jurisdiction bears the burden of establishing these elements. Id.
 
 
 5
 The district court dismissed appellants' claims because it determined that appellants had "fail[ed] to allege that they have an injury-in-fact sufficient to meet the constitutional requirements of standing." The district court also held that even if appellants' pleadings had adequately alleged an injury, appellants could not establish that the alleged injury would be redressed by the relief sought in their complaint.
 
 
 6
 We agree with the district court that the injury alleged would not be redressed by the relief appellants seek. We will assume for the purposes of our analysis below, arguendo, that appellants did indeed allege an injury with sufficient particularity to satisfy the initial elements of the Salmon River test, and that redressability is the lone question at issue.
 
 
 7
 "Redressability examines whether the relief sought, assuming that the court chooses to grant it, will likely alleviate the particularized injury alleged by the plaintiff." Florida Audubon Society v. Bentsen, 94 F.3d 658, 663-64 (D.C.Cir.1996). Under this prong of the standing test, "it must be 'likely,' as opposed to 'speculative,' that the injury will be 'redressed by a favorable decision.' " Defenders of Wildlife, 504 U.S. at 561 (quoting Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 38, 43 (1976)).
 
 
 8
 Plaintiffs argue that the injury they allege, "that environmental consequences might be overlooked,"[1] would be remedied by the preparation of an EIS and an injunction on all work on the project until such time that the EIS is completed. We disagree.
 
 
 9
 In 1986, prior to the construction of the flood control channel, levees and related structures that are being restored and improved by the current project, the Army Corps of Engineers completed an environmental assessment in accordance with the requirements of NEPA, 42 U.S.C. § 4332(2)(c). Only following this process, and the Corps' resulting finding that the original flood control project would not result in a significant impact upon the quality of the human environment, did the Corps allow the project to proceed. Under NEPA, the preparation of an EIS was not required. See 42 U.S.C. § 4332(2)(c). In 1994 and 1995, the Corps conducted a renewed environmental assessment process pursuant to NEPA, and similarly found that no significant environmental impacts would occur, before granting the permits allowing the current project reconstruction to begin. Work on the project then began, and has proceeded unabated.
 
 
 10
 We are convinced that too much work on the project has already been completed to countenance the relief sought by appellants at this late date. At oral argument, it was established that work on the project surpassed eighty percent completion. Work has continued on the project, with no known interruption, since that time. At this stage, where the injury alleged is merely a "threatened harm that environmental consequences might be overlooked," and the federal action challenged is substantially completed, appellants must allege that project has resulted in an injury to their concrete interests by an independent violation of a substantive federal environmental statute. NEPA imposes only procedural requirements. Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, 435 U.S. 519, 558 (1978).
 
 
 11
 We, therefore, conclude that the preparation of an EIS at this stage would not "alleviate the particularized injury alleged by the plaintiff." Florida Audubon Society v. Bentsen, 94 F.3d at 664. The injury alleged is not redressable. We will not reverse.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Seattle Audubon Soc'y v. Espy, 998 F.2d 699, 703 (9th Cir.1993) (quoting Idaho Conservation League v. Mumma, 956 F.2d 1508, 1518 (9th Cir.1992))